IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



|  |  |  |
|---|---|---|
| DAMOND J. WILSON, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 1:10-cv-636 |
|  | ) | |
| UNITED PARCEL SERVICES, INC., | ) | |
|  | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on the Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. The Complaint alleges that Defendant United Parcel Services, Inc. harassed and discriminated against its employee, Plaintiff Damond Wilson. After Plaintiff notified management of an allegedly unsafe work practice and filed a charge of racial discrimination with the Equal Employment Opportunity Commission, Defendant allegedly created a hostile work environment, retaliated against Plaintiff, and then wrongfully terminated Plaintiff. Plaintiff also alleges that Defendant breached the governing collective bargaining agreement ("CBA") by deviating from procedure and terminating Plaintiff. In addition, Plaintiff alleges that Defendant "defamed [his] character and slandered

[his] name".

The Labor Management Relations (Taft-Hartley) Act § 301(a), 29 U.S.C. § 185(a) (2006), bars Plaintiff's breach of the collective bargaining agreement claim whether Plaintiff is asserting a breach of contract claim under Virginia law or bringing a federal claim under § 301(a). The Supreme Court has ruled that federal law applies to disputes for violation of collective bargaining agreements. <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 209 (1985); <u>Smith v. Evening News Ass'n</u>, 371 U.S. 195, (1962) ("Congress has directed the courts to formulate and apply federal law to suits for violation of collective bargaining contracts."). Specifically, § 301(a) preempts state law causes of action that turn on an analysis of the terms of a collective bargaining agreement. <u>Clark v. Newport News Shipbuilding & Dry Dock Co.</u>, 937 F.2d 934, 937 (4th Cir. 1991). Plaintiff argues that the provisions of the CBA require at least one warning before termination of an employee for any act other than a cardinal infraction. Because Plaintiff was immediately terminated for an act that arguably did not constitute a cardinal infraction, Plaintiff claims that Defendant violated the CBA. Any state law claim Plaintiff is attempting to bring in regard to a breach of the CBA necessitates an analysis of the language of the CBA and is therefore barred by § 301(a).

When bringing a federal claim under § 301(a), a party must

2

demonstrate that a union breached its duty of fair representation. <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 164-65 (1983); <u>see also</u> <u>United Parcel Serv., Inc. v. Mitchell</u>, 451 U.S. 56, 62 (1981) ("[T]he indispensable predicate for [a § 301(a)] action is not a showing under traditional contract law that the discharge was a breach of the collective bargaining agreement, but instead a demonstration that the Union breached its duty of fair representation."). The Complaint does not contain any allegations that the Teamsters Union breached a duty of fair representation owed to Plaintiff. Therefore, any § 301(a) claim that Plaintiff is bringing must be dismissed because it fails to allege that the union breached its duty of fair representation to Plaintiff.

The Complaint also alleges that Defendant defamed and slandered Plaintiff. The Virginia Code establishes a one year statute of limitations for injury resulting from libel, slander, insulting words, or defamation. Va. Code Ann. § 8.01-247.1 (2007). The allegations underlying the Complaint occurred in 2007, but Plaintiff did not file the Complaint until June 8, 2010. Thus, the statute of limitations bars any claim Plaintiff has brought for defamation or slander.

It is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED as to the claims for breach of the collective bargaining agreement,

3

violation of § 301(a), defamation, and slander, and those claims are dismissed.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
June _10_, 2011